[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 8, 2006
THOMAS K. KAHN
CLERK

No. 05-14451
Non-Argument Calendar

_____

D. C. Docket No. 02-60105-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIVE LANCELOT SMALL,
a.k.a. Olive Small,
a.k.a. Olive Enyahooma-El,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 8, 2006)**

Before BARKETT, MARCUS  and WILSON , Circuit Judges.

PER CURIAM:

Clive Lancelot Small appeals his total 151-month sentence for:

(1) conspiracy to commit offenses against the United States, in violation of 18 U.S.C. § 371; (2) possession of machine guns, in violation of 18 U.S.C. § 922(o); and (3) possession of firearm silencers, in violation of 26 U.S.C. §§ 5812, 5861(d). On appeal, Small argues that, in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and its progeny, the district court violated his Sixth and Fifth Amendment rights and committed statutory error by imposing enhancements under U.S.S.G. §§ 2K2.1(b)(1)(C), 2K2.1(b)(5) and 3B1.1(c), and sentencing him above the statutory maximum, which he defines as the maximum sentence that may be imposed under the guidelines based on facts that were reflected in the jury verdict, or admitted by him. Further, he argues that the Sentencing Guidelines are at odds with the constitutional guarantee that each defendant be tried by a jury and that every fact be found beyond a reasonable doubt. Small agues that, because all of the enhancements increased his base offense level, the district court unconstitutionally and unreasonably enhanced his sentence through a "mandatory application" of the Sentencing Guidelines.

We review a preserved Booker claim on appeal de novo, but reverse only for harmful error. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). In Booker, the Supreme Court (1) held that sentence enhancements based solely on judicial fact-finding pursuant to the mandatory Sentencing Guidelines violated the

2

Sixth Amendment, and (2) excised the provisions of the Sentencing Reform Act that made the guidelines mandatory -18 U.S.C. §§ 3553(b)(1) and 3742(e) - thereby rendering the Sentencing Guidelines advisory only. Booker, 543 U.S. at 233-35, 259-60, 125 S.Ct. at 749-51, 764. After Booker, the guideline range now is advisory, but still an important factor that the sentencing court must consider, along with the factors contained in § 3553(a). Id. at 258-60, 125 S.Ct. at 764-65.

There are two types of Booker errors: (1) the Sixth Amendment ("constitutional") error of using judge-found facts to increase a defendant's sentence under a mandatory guideline system; and (2) the "statutory" error of applying the guidelines as mandatory, as opposed to advisory. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). The use of extra-verdict enhancements in an advisory guidelines scheme, however, is not unconstitutional. United States v. Rodriguez, 398 F.3d 1291, 1300 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). In United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005), we rejected a defendant's argument that, under an advisory guidelines scheme, the Sixth Amendment prohibits a sentencing court from finding facts supporting extra-verdict enhancements. There, we found that a district court may continue to determine enhancements under the guidelines based on a

3

preponderance of the evidence standard, so long as the guidelines are applied in an advisory fashion.  Id. at 1323-24.

Because the district court applied the guidelines in an advisory fashion, it did not violate Booker or Small's constitutional rights by imposing a sentence based in part on judge-found facts supporting extra-verdict enhancements.

Next, on appeal, Small argues that the district court unreasonably sentenced him to the maximum advisory guideline sentence by not giving proper weight to mitigating factors, such as his age, the fact that he required surgery, the fact that he was deportable for the instant offense, and his lack of criminal history.  He contends that these factors indicate that a lengthy term of imprisonment was not necessary to achieve the goals of retribution, deterrence, incapacitation and rehabilitation.  Specifically, he argues that: (1) the goals of retribution and deterrence were satisfied by his advanced age, as it would be foolish for him again to risk being jailed, where he likely would die; and (2) the goal of incapacitation was satisfied because there was no need to protect the public from him, as he had not set foot in the United States, and the weapons that he allegedly wanted were to be used in Trinidad.  Further, he argues that the court's use of a 25-year-old conviction, which was not scored as part of his criminal history, to increase his sentence was not reasonable.  He contends that the district court's lack of in-depth

4

reasoning or analysis indicated that the court did not do a "sufficient evaluation" of the § 3553(a) factors, and that the district court gave the guidelines undue weight in determining the reasonableness of his sentence.

Pursuant to the Supreme Court's instructions in Booker, we review a district court's sentence, imposed after consulting the guidelines and considering the factors set forth at § 3553(a), for reasonableness. United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006).

In sentencing a defendant, the factors that a district court must consider include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, protect the public, and provide needed correctional treatment; (4) the applicable guideline range; (5) the pertinent Sentencing Commission policy statements; and (6) the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7). "A district court need not, however, explicitly consider every single § 3553(a) factor in order for the sentence to be reasonable." See e.g., United States v. Scott, 426 F.3d 1324, 1330 (11th Cir.2005) ("We now . . . hold that nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of

the § 3553(a) factors."). A district court may determine on a case-by-case basis what weight to give the guidelines, so long as its determination is made with reference to the remaining § 3553(a) factors. United States v. Hunt, 459 F.3d 1180, 1185 (11th Cir. 2006). Moreover, "[r]eview for reasonableness is deferential . . . and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Upon review of the sentencing transcript and the presentence investigation report, and upon consideration of the parties' briefs, we find no reversible error with respect to Small's sentence.

Because the imposition of Small's sentence reflected consideration of several of the relevant factors under § 3553(a), Small's sentence was not unreasonable. Accordingly, we affirm.

**AFFIRMED**.